**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 24, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TANYA SANCHEZ, individually and on
behalf of M.S., her minor daughter;
VINCENT SANCHEZ; DANIELLE
BRIZENO,

     Plaintiffs - Appellees,

v.

ROSE SURRATT, in her individual
capacity,

     Defendant - Appellant,

and

DANNY SURRATT; SHIRLEY SEAGO;
JASON DAUGHERTY, in their individual
capacities,

     Defendants.

No. 15-2207
(D.C. No. 2:13-CV-00444-KG-CG)
(D. N. Mex.)

_____

**ORDER AND JUDGMENT***
_____

Before **LUCERO**, **EBEL**, and **MATHESON**, Circuit Judges.†
_____

---

    * This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    † The Honorable Neil M. Gorsuch was an original member of the panel that heard oral argument. He did not participate in the resolution of this case or the preparation of this order and judgment. The Honorable Scott M. Matheson, Jr., has replaced him on the panel.

Plaintiffs sued Rose Surratt under 42 U.S.C. § 1983 for violating her granddaughter's substantive due process right to bodily integrity under the Fourteenth Amendment. She appeals the district court's denial of her motion to dismiss based on qualified immunity.[1] We reverse and remand for the parties and the district court to address whether Rose Surratt acted under color of state law.[2]

This claim was brought on behalf of M.S., minor daughter of plaintiffs Tanya and Vincent Sanchez, sister of plaintiff Danielle Brizeno, and granddaughter of defendant Rose Surratt, who is married to Danny Surratt. According to the complaint, Danny Surratt twice sexually molested nine-year-old M.S., who told her sister Danielle, who next told Rose Surratt, who then, "with the intent of destroying evidence," instructed her son-in-law Vincent "to bathe M.S., including the cleaning of her private parts." App. at 11 ¶¶ 24, 26. At the time, the Surratts were deputy sheriffs in Lea County, New Mexico. Danny Surratt was convicted of criminal sexual penetration of a child under the age of 13, a first-degree felony.

The district court denied Rose Surratt's motion asserting qualified immunity. The parties did not brief, and the court did not address, whether she had acted under color of

---

[1] We have jurisdiction under 28 U.S.C. § 1291 over an interlocutory appeal challenging the court's denial of qualified immunity. *Big Cats of Serenity Springs, Inc. v. Rhodes*, 843 F.3d 853, 856 (10th Cir. 2016).

[2] We express no opinion regarding the district court's decision to deny Rose Surratt qualified immunity.

state law.[3] This court raised this issue for the first time on its own at oral argument. *See* Oral Arg., No. 15-2207, at 01:10-02:54.

Because (1) acting under color of state law is essential for a § 1983 claim, (2) *Polk County v. Dodson*, 454 U.S. 312, 315 (1981) and *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995), both said that "under color of state law" is jurisdictional, (3) the complaint is unclear whether Rose Surratt acted under color of state law, (4) the parties have not briefed or developed the record on this question, and (5) constitutional avoidance points to determining the state-actor issue before the qualified-immunity issue, we remand for further development and consideration of whether Rose Surratt acted under color or state law.

For the foregoing reasons, we reverse and remand with instructions to vacate the decision denying qualified immunity and to conduct further proceedings consistent with this order and judgment.

ENTERED FOR THE COURT,


Per Curiam

---

[3] Rose Surratt's motion asked the court to assume she had fulfilled the under-color-of-state-law requirement.